UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

TASHANA CHAMBERS and LAWRENCE
CHAMBERS,

CIVIL ACTION NO.

       Plaintiffs,

# 07 CIV. 8190

      -against-

COMPLAINT AND
JURY DEMAND

NORTH ROCKLAND CENTRAL SCHOOL
DISTRICT, NORTH ROCKLAND CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,
DODGE R. WATKINS, in his individual and official
capacity as former Superintendent of North Rockland
Central School District, BRIAN MONAHAN, in
his individual and official capacity as
Superintendent of North Rockland Central
School District, DAGOBERTO ARTILES, in his
individual and official capacity as Assistant Principal of
the North Rockland High School,

# JUDGE KARAS

      Defendants.
-------------------------------------------------------------------X

      The Plaintiffs by their attorneys FEERICK LYNCH MacCARTNEY, PLLC as

and for their Complaint, against the Defendants respectfully states upon information and

belief as follows:

## NATURE OF CLAIM

      1.    This action arises under the Fourteenth Amendment to the United States

Constitution and is brought pursuant to 42 U.S.C. §§1983 and 1988. Plaintiff, Tashana

Chambers alleges that the Defendants individually, jointly, severally, and in concert with

each other violated her Constitutional right to bodily integrity under the Due Process

Clause of the Fourteenth Amendment of the Constitution of the United States.

      2.    At all relevant times herein, and with respect to all actions described

herein, the individual Defendants were acting under color of state law, jointly, severally,

and in concert with each other and with color of their authority as officials and/or employees of the North Rockland Central School District and/or North Rockland Central School District Board of Education.

## JURISDICTIONAL STATEMENT

3.    This Court has jurisdiction over the claims presented pursuant to 28 U.S.C. §§ 1331 and 1367.

4.    This Court has supplemental jurisdiction over claims arising under state law.

5.    Venue lies in the Southern District of New York, pursuant to 28 U.S.C. §1391.

## PARTIES

6.    Plaintiff, Tashana Chambers, eighteen (18) years old and is an individual citizen and resident of the State of New York, residing in Garnerville, New York 10923, Rockland County, who at all times material hereto was seventeen (17) years old and a twelfth grade student at North Rockland High School located 106 Hammond Road, Thiells, New York, Rockland County.

7.    Plaintiff, Lawrence Chambers, is the father and natural guardian and is an individual citizen and resident of the State of New York, residing in Garnerville, New York 10923, Rockland County

8. At all times relevant hereto, NORTH ROCKLAND CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION [hereinafter "Board"], was and is a public entity with offices located at 65 Chapel Street, Garnerville, County of Rockland City and State of New York, which entity at all times material hereto employed all of the named

2

Defendants within the instant Complaint and acted in concert with the Defendants at all times material hereto.

9.     At all times relevant hereto, Defendant NORTH ROCKLAND SCHOOL DISTRICT, [hereinafter "District"], is a public educational system under the laws of the State of New York and required to provide educational instruction to children residing within the jurisdictional boundaries of the district.

10.     Defendant DODGE R. WATKINS, is an adult individual who at all times material hereto acted in his official and individual capacities as Superintendent under color of state law as the Superintendent of North Rockland Central School District responsible for the day to day administration of Board of Education policy including implementation and enforcement of Disciplinary Responses and Procedures at all times material hereto at North Rockland High School (at time refereed to as "the school"), employed by the District and the Board, acting within the course and scope of his employment as Superintendent. Suit is brought herein against him as an individual and in his official capacity as the former Superintendent of the District.

11.     Defendant BRIAN MONAHAN, is an adult individual who at all times material hereto acted in his official and individual capacities as Superintendent under color of state law as the Superintendent of North Rockland Central School District responsible for the day to day administration of Board of Education policy including implementation and enforcement of Disciplinary Responses and Procedures at all times material hereto at North Rockland High School (at time refereed to as "the school"), employed by the District and the Board, acting within the course and scope of his

employment as Superintendent. Suit is brought herein against him as an individual and in his official capacity as the Superintendent of the District.

12.     Defendant DAGBERTO ARTILES, is an adult individual who at all times material hereto acted in his individual capacity and as Principal under color of state law as the Assistant Principal of North Rockland High School, responsible for the day to day administration of Board of Education policy including implementation and enforcement of disciplinary responses and procedures at all times material hereto at North Rockland High School, employed by the District and the Board of Education, acting within the course and scope of his employment as Assistant Principal. Suit is brought herein against him as an individual and in his official capacity as the Assistant Principal of North Rockland High School.

13.     At all relevant times herein, Defendants, individually and through their agents, servants, and employees, were acting with the implied and actual permission and consent of the Board and the District.

14.     Each Defendant is sued in his/her individual capacity and as an agent of Board and the District. Each of the Defendants may be legally responsible for the acts and omissions of other defendants under recognized legal theories,

15.     At all relevant times herein, Defendants, individually and through their agents, servants, and employees, were acting under color of law.

BACKGROUND

16.     At all relevant times herein, Defendants were responsible for the orderly administration and conduct of schools, responsible for the implementation of administrative practices and procedures to be employed within schools, as well as

4

disciplinary responses and procedures applicable to schools, including North Rockland High School.

18.    At all relevant times herein, the Superintendent Defendants were charged with the power and duty to be the Chief Executive Office of the school district and to ensure compliance with and enforce all provisions of law, and all rules and regulations relating to the management of the schools pursuant to New York State Education Law §1711.

17.    At all relevant times herein, Defendants were required to report information about violent and disruptive incidents that occurred in its schools pursuant to New York State Education Law §2802 and the Federal No Child Left Behind Act, Title IV, Part A, §4116.

19.    At all relevant times herein, Defendants acted pursuant to a long-standing policy, practice, and pattern to deny and conceal the occurrences or existence of violence in the Defendant school district.

20.    At all relevant times herein, Defendants actively concealed, intentially and purposefully underreported, the number of violent incidents and the degree of criminal conduct that occurred throughout the Defendant school district and falsely certified reports for a period of several years. [1] [2] [3]

---

[1] Copies of the Defendants' Summary Forms of Violent and Disruptive Incidents Reports filed with the State Education Department of New York together with the School Superintendent's Certification of Data for the 2003-04, 2004-05 and 2005-06 school years at North Rockland High School is attached hereto collectively as Exhibit "A".

[2] For example, copies of certain redacted reports received from the Town of Haverstraw Police Department regarding violent and disruptive incidents concealed from and not reported to the State Education Department or the public during the aforesaid school years at North Rockland High School are annexed hereto collectively as Exhibit "B". Personal information, such as Social Security numbers and other pedigree information, have been further redacted by this office.

[3] Pursuant to New York State Penal Law 175.40, issuing a false certificate is a Class E felony.

21.    At all relevant times herein, Defendants promoted and acted under an implied threat of retribution against teachers or administrators who reported the truth about the actual level of violent incidents and criminal conduct that occurred throughout the Defendant school district.

22.    At all relevant times herein, and as a result of Defendants' aforesaid policies, practices and procedures, Defendants created, fostered, implicitly condoned and encouraged an atmosphere of permissible and acceptable violence within the schools of Defendant school district that rendered said schools, including North Rockland High School, unsafe for the activities for which they regularly used and intended.

23.    In or about 2003, the Plaintiffs resided in the Bronx, New York, where Tashana Chambers attended private school rather than the local public school due to Lawrence Chambers' desire to provide his daughter with a good and safe educational environment.

24.    In or about 2003, the Plaintiff, Lawrence Chambers, decided to move his family to Garnerville, New York in the Defendant District for the purpose of providing his family with a better life and Tashana with a good and safe educational environment.

25.    At all relevant times herein, and as a result of Defendants' aforesaid policies, practices and procedures, Defendants deprived the Plaintiffs of the ability and opportunity to make a fully informed decision regarding Tashana's educational environment.

## FACTS

26.    During the course of Plaintiff's senior year at North Rockland High School, from September 2005 to on or about the graduation date of June 26, 2006,

Plaintiff was repeatedly harassed, intimidated, taunted, and threatened by a group of female students, including Unique Vaughn, at North Rockland High School (hereinafter "the group").

27.    During the 2005-06 school year, Defendants knew that the group had histories of violent and/or disruptive conduct.

28.    During the course of the 2005-06 school year and prior to June 26, 2006, Defendants knew and/or should have known of the dangers to the Plaintiff due to this groups' threats, both implied and explicit, and reputation.

29.    In or about September 2005, Plaintiff met with Defendant DAGBERTO ARTILES and explained to him the groups' harassment, intimidation, taunting and threatening behavior towards her and sought the help of the Defendants in ending same. Mr. Artiles indicated he understood.

30.    The groups' harassment, intimidation, taunting and threatening behavior and criminal activity against the Plaintiff continued after Plaintiff informed Mr. Artiles and throughout the course of the 2005-06 school year and was known to the Defendants, by and through its employees and/or agents.

31.    On or about June 13, 2006 during school hours and on District premises at the North Rockland High School, the group formulated and articulated a plan to attack the Plaintiff.

32.    On or about June 13, 2006, the District and its employees, Assistant Principal Artiles and Mr. Reinbach, were advised by Plaintiff and others of the groups' plan to attack Plaintiff.

7

33.    On or about June 13, 2006, Plaintiff sought the help of the Defendants by and through Assistant Principal Artiles and Mr. Reinbach, to protect her from the aforementioned planned attack.

34.    On or about June 13, 2006, the group told Assistant Principal Artiles and Mr. Reinbach that they did plot to attack Plaintiff, Tashana Chambers and intended to do so.

35.    On or about June 13, 2006, after being advised of the groups' plot to attack Plaintiff, Defendants, by and through its employees and/or agents, Assistant Principal Artiles and Mr. Reinbach, affirmatively undertook to involve themselves in the aforementioned situation in response to the known and specific threat.

36.    On or about June 13, 2006, after being advised of the groups' plot to attack Plaintiff, Defendants, by and through its employees and/or agents, Assistant Principal Artiles and Mr. Reinbach, assumed positive direction and control of the aforementioned situation in response to the known and specific threat.

37.    On or about June 13, 2006, after being advised of the groups' plot to attack Plaintiff, Assistant Principal Artiles affirmatively counseled the Plaintiff and told the Plaintiff that he understood the situation and explicitly and/or implicitly indicated and stated that he would take steps to resolve same.

38.    On or about June 13, 2006, Defendants, by and through its employees and/or agents, Assistant Principal Artiles and Mr. Reinbach, lulled Plaintiff, Tashana Chambers into foregoing other available avenues of protection from the groups' plot to attack her.

39.     On or about June 13, 2006, and subsequent thereto, Defendants, by and through its employers and/or agents, Assistant Principal Artiles and Mr. Reinbach, failed to notify the parents of the respective students involved or the appropriate law enforcement agency and otherwise failed to discipline the group, in violation of known school policy, but consistent with Defendants policy, practice and pattern of deceit in veiling school violence

40.     On June 26, 2006, Plaintiff while attending the Defendant sponsored graduation ceremony at the North Rockland High School, was verbally and physically attacked on District grounds by the group while attempting to obtain her diploma.

41.     On June 26, 2006, during their attack of the Plaintiff at the Defendant sponsored graduation ceremony at the North Rockland High School, the group directed verbal abuse towards and did spit on Plaintiff and punched her about the head and face causing her to sustain serious physical and emotional injuries.

42.     At all times relevant herein and prior to June 26, 2006, the Defendants had actual and/or constructive notice of the groups' pattern and practice of harassing, intimidating, taunting, threatening and criminal activity against the Plaintiff.

43.     At all times relevant herein and prior to June 26, 2006, the Defendants had actual and/or constructive notice of the groups' histories of violent and/or disruptive conduct.

44.     At all times relevant herein and prior to June 26, 2006, the Defendants had actual and/or constructive notice of the groups' plan to attack and intent to physically harm the Plaintiff.

45.    At all times relevant herein and on June 26, 2006, the Defendants had actual and/or constructive notice that a credible threat of violence by the group against Plaintiff existed.

46.    At all times relevant herein and on June 26, 2006, the Defendants had actual and/or constructive notice that those in the group were dangerous persons that posed a threat of harm to Plaintiff and others.

47.    At all relevant times herein and on June 26, 2006, despite having actual notice of a credible threat of violence against Plaintiff by an identifiable student, the Defendants did not take adequate measures to prevent the violence from occurring.

48.    At all relevant times herein, despite having actual notice of the groups' pattern of harassment, taunting, criminal activity and credible threat of violence against Plaintiff by identifiable students, the Defendants never disciplined the group.

49.    At all relevant times herein, despite having actual notice of the groups' pattern of intimidation, harassment, taunting, criminal activity and credible threat of violence against Plaintiff identifiable students, the Defendants concealed the groups' conduct from law enforcement, parents and the New York State Education Department.

50.    At all relevant times herein, Defendants, acted pursuant to an informal policy to forgo discipline of certain violent and disruptive incidents and to actively conceal and underreport instances of said conduct from the New York State Education Department, the public, the parents, and law enforcement.

51.    At all relevant times herein, Defendants, by their actions, implicitly but affirmatively condoned, encouraged and fostered the group's behavior and indicated to

10

the group that even though Defendants knew of their violent and criminal conduct, Defendants would not interfere or discipline them for their conduct.

52.     At all relevant times herein, Defendants' aforesaid informal policy was communicated to and/or known by the students at North Rockland High School, including the group.

53.     At all relevant times herein, the group was confident in their ability to continue their violent and criminal conduct in the open and used the apparent authority given to them by the Defendants to return and remain on Defendants' premises, execute their plan, and attack the Plaintiff at North Rockland High School.

54.     At all relevant times herein, the Defendants placed Plaintiff in a more dangerous position and made her more vulnerable to the danger of attack.

55.     At all relevant times hereto, Defendants have not properly trained or provided adequate security at the premises.

56.     At all relevant times hereto, Defendants did not have adequate or proper security mechanisms in place.

57.     At all relevant times hereto, Defendants failed to properly train and/or supervise security personnel.

58.     Subsequent to June 26, 2006, members of the group, including Unique Vaughn and two others, were arrested and charged with third-degree assault, a misdemeanor, for their participation in the aforementioned attack of Plaintiff at North Rockland High School.

59.     Subsequent to June 26, 2006, consistent with their policy, practice and pattern of deceit in veiling school violence, Defendants actively concealed and denied the

group's aforementioned ongoing pattern of intimidation, harassment, taunting, criminal activity and credible threat of violence against Plaintiff and misrepresented to the media, the public, law enforcement, and the New York State Education Department that same did not occur on Defendants' premises, but instead arose in the community.

60.    Subsequent to June 26, 2006, consistent with their policy, practice and pattern of deceit in veiling school violence, Defendants actively concealed the June 26, 2006 assault of the Plaintiff, the June 13, 2006 plan and agreement by the group to physically attack Plaintiff, and the groups' pattern of intimidation, harassment, and threats against the Plaintiff during the 2005-06 school year, in a report to the New York State Education Department required under federal and state law and certified to be true by Defendant Monahan. (See, Exhibit "A").

61.    At all relevant times herein, Plaintiff, Lawrence Chambers, would not have moved to the Defendant District; permitted Plaintiff, Tashana Chambers, to attend the Defendant District; or, permitted Plaintiff, Tashana Chambers to be alone at the Defendants District graduation ceremony had he known the truth about the actual level of violence in Defendant School District.

62.    At all times hereinafter mentioned, this action falls within one or more exceptions set forth in §1602 of the New York CPLR.

63.    On or about July 12, 2006, the Plaintiffs timely filed and served a notice of claim upon the Defendants within ninety days after accrual of the instant claim.

64.    At least thirty days have elapsed since the notice was filed and before the complaint was filed and in that time the Defendants have neglected to or refused to adjust or to satisfy the claim.

65.     Any and all prerequisites to commencement of the instant action have been satisfied.

## AS AND FOR A FIRST CAUSE OF ACTION
## 42 U.S.C 1983

66.     Plaintiffs repeat and reiterate each allegation previously set forth as though fully set forth herein.

67.     Defendants named above participated in a course of conduct in deliberate indifference to and callous disregard of the Constitutional rights of Plaintiff, Tashana Chambers, particularly Plaintiff's Constitutional right to bodily integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and that of the State of New York including 42 U.S.C. Section 1983 in that they:

(a)     participated in a deliberate course of conduct that countenanced, tolerated, veiled, and thereby fostered, implicitly communicated and affirmatively encouraged continued violence, harassment, intimidation, threats and criminal activity with impunity at North Rockland High School, upon its grounds, and at its sponsored activities.

(b)     attempted in abject disregard and deliberate indifference to the safety within the Defendant District, including North Rockland High School, amounting to a Constitutional violation of the rights of said students including those of Plaintiff, Tashana Chambers, to bodily integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and that of the State of New York repeated attempts to conceal violent incidents within the schools of the Defendant District including North Rockland High School.

13

(c)    engaged in deliberate course of deliberate and callous disregard for the safety of students within the Defendant District, including those of Plaintiff, Tashana Chambers, at the North Rockland High School, in countenancing, approving, and accepting a certain level of violence within the schools of the Defendant District including North Rockland High School in violation of the Constitutional right to bodily integrity under the Due Process Clause of the Fourteenth Amendment of the United States Constitution and that of the State of New York of the students within the Defendant District, including those of Plaintiff, Tashana Chambers.

(d)    intentionally and recklessly failed to heed reports of violence by and to the students within the Defendant District, including North Rockland High School, and thereby countenancing, tolerating, and thereby fostering a certain level of violence within the Defendant District as well as the North Rockland High School.

(e)    participated in  a conspiracy of silence in concert herein in intentionally failing to report repeated incidents of school violence within the schools of the Defendant District, including North Rockland High School, resulting in a violation of the Constitution right to bodily integrity of the students within the Defendant District and the North Rockland High School and particularly, those Constitutional rights of Plaintiff, Tashana Chambers, pursuant to the Due Process Clause of the Fourteenth Amendment of the United States Constitution and that of the State of New York.

(f)    affirmatively exercised their power so as to restrain and render Plaintiff, Tashana Chambers unable to protect herself from the pattern of continued violence, harassment, intimidation, threats and criminal activity by the group while simultaneously failing to provide for Plaintiff's reasonable safety.

14

(g)    acted in deliberate disregard to a clear and present danger of violence, harassment, intimidation, threats and criminal activity in the North Rockland High School, to innocent students, including Plaintiff, Tashana Chambers.

(h)    admitting to the premises and permitting to remain there, the group, who was known to Defendants to have vicious and disorderly propensities, permitting the group to remain on the premises, and failing to provide an employee or employees to maintain proper order and to exercise reasonable care for the safety of students.

68.    Defendants by and through their agents, employees and personnel could have and should have prevented the group from entering the premises and/or committing acts of violence, harassment, threats and criminal activity against the Plaintiff.

69.    Defendants by and through their agents, employees and personnel could have and should have removed the group from the premises before Plaintiff was injured.

70.    Defendants by and through their agents, employees and personnel could have and should have prevented the group from injuring the Plaintiff.

71.    Defendants failed to respond to, break up, disperse, prevent, stop or even discourage the continuing pattern of altercations, harassment, taunting, confrontations, and criminal activity against Plaintiff by the group prior to the group's attack and assault of Plaintiff, thereby causing the Constitutional violations of Plaintiff, particularly to bodily integrity under the Due Process Clause of the Fourteenth Amendment of the Constitution of the United States.

72.    The foregoing constitutes clearly established statutory or constitutional rights of which a reasonable person, and the Defendants, would have known.

73.    In taking all actions alleged in this Complaint, Defendants acted under color of state law pursuant to a formally adopted policy that included inaccurate certified reports on violence, and with deliberate indifference and/or callous indifference to the Plaintiff's federally protected rights and which shocks the conscience.

74.    As a direct and proximate result of the outrageous and wrongful acts of each of the Defendants, Plaintiff suffered severe emotional and physical distress, pain, disfigurement, mental anguish, loss of liberty, and interference with the right to bodily integrity and the right to attend school and receive an education.

75.    Defendants, and each of them, acted willfully, maliciously, intentionally, oppressively, and in reckless disregard of Plaintiff's constitutional rights and the possible consequences of their conduct. Accordingly, Plaintiff is entitled to and hereby demands punitive and exemplary damages by way of punishing and deterring defendants.

76.    Plaintiff is entitled to recover any and all actual damage, in a sum to be determined according to the proof at trial, proximately caused by the wrongful acts hereinabove complained of and alleged herein.

77.    Plaintiff demands an award of compensatory, exemplary, and punitive damages, jointly, and severally, against all Defendants.

## AS AND FOR A SECOND CAUSE OF ACTION
## NEGLIGENCE

78.    Plaintiffs repeat and reiterate each allegation previously set forth as though fully set forth herein.

79.    At all relevant times herein, Defendants had a duty to provide supervision, security and ensure the safety of those students in their charge and on school grounds, including Plaintiff.

16

80.    At all times relevant herein and on June 26, 2006, Defendants had actual and/or constructive notice, knew and/or reasonably should have known, of the specific articulated threat by the group to attack Plaintiff.

81.    At all times relevant herein and on June 26, 2006, Defendants had actual and/or constructive notice, knew and/or reasonably should have known, of the pattern of and the specific articulated threat by the group to attack Plaintiff, Tashana Chambers.

82.    At all times relevant herein and on June 26, 2006, Defendants had actual and/or constructive notice, knew and/or reasonably should have known, of the groups' prior pattern of harassment and taunting of Plaintiff.

83.    At all times relevant herein and on June 26, 2006, it was reasonably foreseeable that the group would attack Plaintiff.

84.    At all times relevant herein and on June 26, 2006, it was reasonably foreseeable that the Plaintiff would suffer injuries at the hands of the group and their friends absent adequate supervision.

85.    The aforesaid violence and attack of the Plaintiff was caused as a result of the gross negligence, negligence, intentional, reckless and/or otherwise culpable conduct of the Defendants, Defendants' employees and/or agents, in the ownership, maintenance, management, operation, control and supervision of the aforesaid premises, school sponsored function, and students in Defendants' charge, and more particularly, said Defendants in failing to disclose the groups' specific threat of violence and/or pattern of prior violence to authorities; failing to disclose the groups' specific threat of violence and/or pattern of prior violence to the parents and/or guardians of the students involved; failing to adequately discipline the group for their specific, threatened, and articulated plot to attack

17

the Plaintiff or their pattern of prior harassment, intimidation, threats, violence and criminal activity; failing to provide adequate safety, security and/or supervision to prevent the groups' reasonably foreseeable attack of the Plaintiff; permitting and fostering a hostile school environment to exist; consciously disregarding the safety and security of Plaintiff; and, otherwise failing to act to protect Plaintiff after Defendants learned of the groups' specific, threatened and articulated plot to attack her.

86.     As a direct and proximate result of Defendants' breach, Plaintiff sustained serious physical and emotional injuries.

87.     By reason of the foregoing, Plaintiff demands an award of compensatory, exemplary, and punitive damages, jointly, and severally, against all defendants.

## AS AND FOR A THIRD CAUSE OF ACTION
## SPECIAL DUTY

88.     Plaintiffs repeat and reiterate each allegation previously set forth as though fully set forth herein.

89.     At all relevant times herein, Defendants had a special duty to protect and ensure the safety of Plaintiff, Tashana Chambers.

90.     Defendants through its actions and/or reassurances assumed an affirmative duty to act on behalf of the Plaintiff.

91.     Defendants had knowledge on the part of its employees and/or agents that inaction could lead to harm to the Plaintiff.

92.     Defendants, by and through its employees and/or agents, had direct contact with the Plaintiff and assumed positive direction and control regarding the groups' specific, threatened and articulated plot to attack her.

93.    A reasonable person would, and Plaintiff did, construe the Defendants' conduct as an implicit promise of assistance and protection.

94.    Plaintiff justifiably relied upon an affirmative undertaking by Defendants, by and through its employees and agents.

95.    Defendants breached a special duty to protect the Plaintiff.

96.    As a direct and proximate result of Defendants' breach, Plaintiff sustained serious physical and emotional injuries.

97.    By reason of the foregoing, Plaintiff demands an award of compensatory, exemplary, and punitive damages, jointly, and severally, against all defendants.

## AS AND FOR A FOURTH CAUSE OF ACTION
## BREACH OF FIDUCIARY DUTY

98.    Plaintiffs repeat and reiterate each allegation previously set forth as though fully set forth herein.

99.    Defendants are under a fiduciary duty towards its students and residents, including the Plaintiffs, to act in accordance with the law; to truthfully certify any required information; to report required information accurately; to adopt and enforce policies and procedures for a safe school environment; and to ensure that such policies and procedures are in place, understood and followed by employees and students.

100.    Defendant Watkins and Defendant Morahan's misrepresentations and false certifications of its violent incidents in the required reports created a false picture of school safety resulted in the aforesaid pattern of harassment and ultimate violence committed by the group against the Plaintiff.

101.    Defendant Watkins and Defendant Morahan's misrepresentations and false certifications of its violent incidents in the required reports created a false picture of

19

school safety which prevented parents, including Lawrence Chambers, from making fully informed decisions about their children's education.

102. Defendant Watkins and Defendant Morahan's misrepresentation and false certifications of the violent incidents report further undermined the District, the Legislature and the Governor's ability to make accurate and effective decisions about resources, employees and programs which would provide a truly safe school environment.

103. As a direct and proximate result of Defendants' breach, Plaintiff sustained serious physical and emotional injuries.

104. By reason of the foregoing, Plaintiff demands an award of compensatory, exemplary, and punitive damages, jointly, and severally, against all defendants.

## AS AND FOR A FIFTH CAUSE OF ACTION
## LOSS OF SERVICES

105. Plaintiffs repeat and reiterate each allegation previously set forth as though fully set forth herein.

106. At all times relevant herein the Plaintiff, Lawrence Chambers is and was the lawful and dutiful father of the Plaintiff, Tashana Chambers.

107. That solely as a result of the conduct of the Defendants aforesaid, the Plaintiff, Lawrence Chambers, has lost the society, aid comfort and services of his daughter all to his detriment and has sustained damage in an amount which exceeds the jurisdictional limits of all lower Courts which would otherwise have jurisdiction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand Judgment as follows:

A.   For a judgment declaring Defendants' actions unconstitutional as set fourth in the First Causes of Action;

B.   For a judgment in the First, Second, Third, Fourth and Fifth Causes of Action awarding compensatory damages against the Defendants, jointly and severally, in an amount to be determined at trial, but in no event less than $25,000.00;

C.   For a judgment in the First, Second, Third, Fourth and Fifth Causes of Action awarding punitive damages against the individual Defendants;

D.   For an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988; and,

E.   For such other and further relief as this Court may deem just and proper.

Plaintiffs hereby demand a trial by jury as to all issues.

Dated: South Nyack, New York
       September 19, 2007

                         Yours, etc.

                         FEERICK LYNCH MacCARTNEY, PLLC


                         By: Stephen P. Barry (5590)
                            Mary E. Brady Marzolla(1077)
                            Attorneys for Plaintiff
                            96 South Broadway
                            South Nyack, New York 10960
                            (845) 353-2000