UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
TASHANA CHAMBERS and LAWRENCE
CHAMBERS,

                Plaintiffs,

     -against-

NORTH ROCKLAND CENTRAL SCHOOL
DISTRICT, NORTH ROCKLAND CENTRAL
SCHOOL DISTRICT BOARD OF EDUCATION,
DODGE R. WATKINS, in his individual and official
capacity as former Superintendent of North Rockland
Central School District, BRIAN MONAHAN, in
his individual and official capacity as
SUPERINTENDENT of North Rockland Central
School District, DAGOBERTO ARTILES, in his
individual and official capacity as Assistant Principal of
the North Rockland High School,

                Defendants.
-------------------------------------------------------------------------X

**ECF CASE**

07 CV 8190 (KMK)

**ANSWER WITH
JURY DEMAND**

     Defendants, NORTH ROCKLAND CENTRAL SCHOOL DISTRICT, NORTH

ROCKLAND CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DODGE R.

WATKINS, in his individual and official capacity as former Superintendent of North Rockland

Central School District, BRIAN MONAHAN, in his individual and official capacity as

SUPERINTENDENT of North Rockland Central School District, DAGOBERTO ARTILES, in his

individual and official capacity as Assistant Principal of the North Rockland High School, by and

through their attorneys, **RUTHERFORD & CHRISTIE, LLP**, as and for their Answer to the

Complaint of the plaintiffs herein, respectfully set forth as follows, upon information and belief:

## NATURE OF CLAIM

FIRST: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "1" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

SECOND: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "2" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

THIRD: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "3" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

FOURTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "4" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

FIFTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "5" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

## PARTIES

SIXTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "6" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court.

SEVENTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "7" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court.

EIGHTH: Deny each and every allegation contained in the paragraph designated as "8" of the plaintiffs' Complaint except admit that defendant North Rockland Central School District Board of Education is located in Rockland County, New York and refer all questions of law to the Honorable Court for determination.

NINTH: Deny each and every allegation contained in the paragraph designated as "9" of the plaintiffs' Complaint except admit that defendant North Rockland School District ("the District") is located in Rockland County, New York and refer all questions of law to the Honorable Court for determination.

TENTH: Deny each and every allegation contained in the paragraph designated as "10" of the plaintiffs' Complaint except admit that defendant Dodge W. Watkins acted as Superintendent of the District and refer all questions of law to this Honorable Court for determination.

ELEVENTH: Deny each and every allegation contained in the paragraph designated as "11" of the plaintiffs' Complaint except admit that defendant Brian Monahan acted as Superintendent of the District and refer all questions of law to this Honorable Court for determination.

TWELFTH: Deny each and every allegation contained in the paragraph designated as "12" of the plaintiffs' Complaint except admit that defendant Dagoberto Artiles acted as Assistant Principal of North Rockland High School and refer all questions of law to this Honorable Court for determination.

THIRTEENTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "13" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

FOURTEENTH: Deny each and every allegation contained in the paragraph designated as "14" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

FIFTEENTH: Deny each and every allegation contained in the paragraph designated as "15" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

## BACKGROUND

SIXTEENTH: Deny knowledge or information sufficient to form a belief as to the truth or

accuracy of the allegations contained in the paragraph designated as "16" of the plaintiffs' Complaint except admit that each defendant had certain duties and responsibilities with request to the operation of the District and refer all questions of law to this Honorable Court for determination.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "17" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

EIGHTEENTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "18" of the plaintiffs' Complaint expect admit that each such defendant had certain duties and responsibilities with respect to the operation of the District and refer all questions of law to this Honorable Court for determination.

NINETEENTH: Deny each and every allegation contained in the paragraph designated as "19" of the plaintiffs' Complaint.

TWENTIETH: Deny each and every allegation contained in the paragraph designated as "20" of the plaintiffs' Complaint and note that exhibits attached to the Complaint as Exhibit A do not appear to exhibits referred to in the Complaint with respect to certain of the years in questions.

TWENTY-FIRST:  Deny each and every allegation contained in the paragraph designated as "21" of the plaintiffs' Complaint.

TWENTY-SECOND: Deny each and every allegation contained in the paragraph designated as "22" of the plaintiffs' Complaint.

TWENTY-THIRD: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "23" of the plaintiffs' Complaint.

TWENTY-FOURTH:  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "24" of the plaintiffs' Complaint.

TWENTY-FIFTH:  Deny each and every allegation contained in the paragraph designated as "25" of the plaintiffs' Complaint.

TWENTY-SIXTH:  Deny each and every allegation contained in the paragraph designated as "26" of the plaintiffs' Complaint.

TWENTY-SEVENTH:   Deny each and every allegation contained in the paragraph designated as "27" of the plaintiffs' Complaint.

TWENTY-EIGHTH: Deny each and every allegation contained in the paragraph designated as "28" of the plaintiffs' Complaint.

TWENTY-NINTH: Deny each and every allegation contained in the paragraph designated as "29" of the plaintiffs' Complaint.

THIRTIETH: Deny each and every allegation contained in the paragraph designated as "30" of the plaintiffs' Complaint.

THIRTY-FIRST: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "31" of the plaintiffs' Complaint.

THIRTY-SECOND: Deny each and every allegation contained in the paragraph designated as "32" of the plaintiffs' Complaint.

THIRTY-THIRD: Deny each and every allegation contained in the paragraph designated as "33" of the plaintiffs' Complaint.

THIRTY-FOURTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "34" of the plaintiffs' Complaint.

THIRTY-FIFTH: Deny each and every allegation contained in the paragraph designated as "35" of the plaintiffs' Complaint except admit that defendants undertook appropriate actions under all circumstances.

THIRTY-SIXTH: Deny each and every allegation contained in the paragraph designated as "36" of the plaintiffs' Complaint except admit that defendants undertook appropriate actions under all circumstances.

THIRTY-SEVENTH: Deny each and every allegation contained in the paragraph designated as "37" of the plaintiffs' Complaint except admit that defendants undertook appropriate actions under all circumstances.

THIRTY-EIGHTH: Deny each and every allegation contained in the paragraph designated as "38" of the plaintiffs' Complaint.

THIRTY-NINTH: Deny each and every allegation contained in the paragraph designated as "39" of the plaintiffs' Complaint.

FORTIETH: Deny each and every allegation contained in the paragraph designated as "40" of the plaintiffs' Complaint.

FORTY-FIRST: Deny each and every allegation contained in the paragraph designated as "41" of the plaintiffs' Complaint.

FORTY-SECOND: Deny each and every allegation contained in the paragraph designated as "42" of the plaintiffs' Complaint.

FORTY-THIRD: Deny each and every allegation contained in the paragraph designated as "43" of the plaintiffs' Complaint.

FORTY-FOURTH: Deny each and every allegation contained in the paragraph designated as "44" of the plaintiffs' Complaint.

FORTY-FIFTH: Deny each and every allegation contained in the paragraph designated as "45" of the plaintiffs' Complaint.

FORTY-SIXTH: Deny each and every allegation contained in the paragraph designated as "46" of the plaintiffs' Complaint.

FORTY-SEVENTH: Deny each and every allegation contained in the paragraph designated as "47" of the plaintiffs' Complaint.

FORTY-EIGHTH: Deny each and every allegation contained in the paragraph designated as "48" of the plaintiffs' Complaint.

FORTY-NINTH: Deny each and every allegation contained in the paragraph designated as "49" of the plaintiffs' Complaint.

FIFTIETH: Deny each and every allegation contained in the paragraph designated as "50" of the plaintiffs' Complaint.

FIFTY-FIRST: Deny each and every allegation contained in the paragraph designated as "51" of the plaintiffs' Complaint.

FIFTY-SECOND: Deny each and every allegation contained in the paragraph designated as "52" of the plaintiffs' Complaint.

FIFTY-THIRD: Deny each and every allegation contained in the paragraph designated as "53" of the plaintiffs' Complaint.

FIFTY-FOURTH: Deny each and every allegation contained in the paragraph designated as "54" of the plaintiffs' Complaint.

FIFTY-FIFTH: Deny each and every allegation contained in the paragraph designated as "55" of the plaintiffs' Complaint.

FIFTY-SIXTH: Deny each and every allegation contained in the paragraph designated as "56" of the plaintiffs' Complaint.

FIFTY-SEVENTH:  Deny each and every allegation contained in the paragraph designated as "57" of the plaintiffs' Complaint.

FIFTY-EIGHTH:  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "58" of the plaintiffs' Complaint.

FIFTY-NINTH:  Deny each and every allegation contained in the paragraph designated as "59" of the plaintiffs' Complaint.

SIXTIETH:  Deny each and every allegation contained in the paragraph designated as "60" of the plaintiffs' Complaint.

SIXTY-FIRST:  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "61" of the plaintiffs' Complaint.

SIXTY-SECOND:  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "62" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

SIXTY-THIRD: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "63" of the plaintiffs' Complaint.

SIXTY-FOURTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "64" of the plaintiffs' Complaint.

SIXTY-FIFTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "65" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE FIRST CAUSE OF ACTION 42 U.S.C. 1983

SIXTY-SIXTH: In response to the allegations of paragraph "66," defendants repeat, reiterate and reallege each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "65" above with the same force and effect as if set forth herein at length.

SIXTY-SEVENTH: Deny each and every allegation contained in the paragraph designated as "67" of the plaintiffs' Complaint.

SIXTY-EIGHTH: Deny each and every allegation contained in the paragraph designated as "68" of the plaintiffs' Complaint.

SIXTY-NINTH: Deny each and every allegation contained in the paragraph designated as "69" of the plaintiffs' Complaint.

SEVENTIETH: Deny each and every allegation contained in the paragraph designated as

"70" of the plaintiffs' Complaint.

SEVENTY-FIRST: Deny each and every allegation contained in the paragraph designated as "71" of the plaintiffs' Complaint.

SEVENTY-SECOND: Deny each and every allegation contained in the paragraph designated as "72" of the plaintiffs' Complaint.

SEVENTY-THIRD: Deny each and every allegation contained in the paragraph designated as "73" of the plaintiffs' Complaint.

SEVENTH-FOURTH: Deny each and every allegation contained in the paragraph designated as "74" of the plaintiffs' Complaint.

SEVENTH-FIFTH: Deny each and every allegation contained in the paragraph designated as "75" of the plaintiffs' Complaint.

SEVENTH-SIXTH: Deny each and every allegation contained in the paragraph designated as "76" of the plaintiffs' Complaint.

SEVENTH-SEVENTH:  Deny each and every allegation contained in the paragraph designated as "77" of the plaintiffs' Complaint.


## AS AND FOR AN ANSWER TO THE SECOND CAUSE OF ACTION NEGLIGENCE

SEVENTY-EIGHTH: In response to the allegations of paragraph "78," defendants repeat, reiterate and reallege each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "77" above with the same force and effect as if set forth herein at length.

SEVENTY-NINTH: Deny each and every allegation contained in the paragraph designated as "79" of the plaintiffs' Complaint and refer all questions of law to this Honorable Court for determination.

EIGHTIETH: Deny each and every allegation contained in the paragraph designated as "80" of the plaintiffs' Complaint.

EIGHTY-FIRST: Deny each and every allegation contained in the paragraph designated as "81" of the plaintiffs' Complaint.

EIGHTY-SECOND: Deny each and every allegation contained in the paragraph designated as "82" of the plaintiffs' Complaint.

EIGHTY-THIRD: Deny each and every allegation contained in the paragraph designated as "83" of the plaintiffs' Complaint.

EIGHTY-FOURTH: Deny each and every allegation contained in the paragraph designated as "84" of the plaintiffs' Complaint.

EIGHTY-FIFTH: Deny each and every allegation contained in the paragraph designated as "85" of the plaintiffs' Complaint.

EIGHTY-SIXTH: Deny each and every allegation contained in the paragraph designated as "86" of the plaintiffs' Complaint.

EIGHTY-SEVENTH: Deny each and every allegation contained in the paragraph designated as "87" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE THIRD CAUSE OF ACTION
## SPECIAL DUTY

EIGHTY-EIGHTH: In response to the allegations of paragraph "88," defendants repeat,

reiterate and reallege each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "87" above with the same force and effect as if set forth herein at length.

EIGHTY-NINTH: Deny each and every allegation contained in the paragraph designated as "89" of the plaintiffs' Complaint.

NINETIETH: Deny each and every allegation contained in the paragraph designated as "90" of the plaintiffs' Complaint.

NINETY-FIRST: Deny each and every allegation contained in the paragraph designated as "91" of the plaintiffs' Complaint.

NINETY-SECOND: Deny each and every allegation contained in the paragraph designated as "92" of the plaintiffs' Complaint.

NINETY-THIRD: Deny each and every allegation contained in the paragraph designated as "93" of the plaintiffs' Complaint.

NINETY-FOURTH: Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in the paragraph designated as "95" of the plaintiffs' Complaint.

NINETY-FIFTH: Deny each and every allegation contained in the paragraph designated as "95" of the plaintiffs' Complaint.

NINETY-SIXTH: Deny each and every allegation contained in the paragraph designated as "96" of the plaintiffs' Complaint.

NINETY-SEVENTH: Deny each and every allegation contained in the paragraph designated as "97" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE FOURTH CAUSE OF ACTION
### BREACH OF FIDUCIARY DUTY

NINETY-EIGHTH: In response to the allegations of paragraph "98," defendants repeat, reiterate and reallege each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "98" above with the same force and effect as if set forth herein at length.

NINETY-NINTH: Deny each and every allegation contained in the paragraph designated as "99" of the plaintiffs' Complaint.

ONE HUNDRED: Deny each and every allegation contained in the paragraph designated as "100" of the plaintiffs' Complaint.

ONE HUNDRED-FIRST: Deny each and every allegation contained in the paragraph designated as "101" of the plaintiffs' Complaint.

ONE HUNDRED-SECOND: Deny each and every allegation contained in the paragraph designated as "102" of the plaintiffs' Complaint.

ONE HUNDRED-THIRD: Deny each and every allegation contained in the paragraph designated as "103" of the plaintiffs' Complaint.

ONE HUNDRED-FOURTH: Deny each and every allegation contained in the paragraph designated as "104" of the plaintiffs' Complaint.

## AS AND FOR AN ANSWER TO THE FIFTH CAUSE OF ACTION
### LOSS OF SERVICES

ONE HUNDRED-FIFTH: In response to the allegations of paragraph "105," defendants repeat, reiterate and reallege each and every response to the plaintiffs' Complaint contained in paragraphs "1" through "104" above with the same force and effect as if set forth herein at length.

ONE HUNDRED-SIXTH: Deny knowledge or information sufficient to form a belief as to

the truth or accuracy of the allegations contained in the paragraph designated as "106" of the plaintiffs' Complaint.

ONE HUNDRED-SEVENTH: Deny each and every allegation contained in the paragraph designated as "107" of the plaintiffs' Complaint.

## AS AND FOR A FIRST SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-EIGHTH: Upon information and belief, that whatever damages the plaintiffs may have sustained at the time and place mentioned in the Complaint were caused in whole or in part by the culpable conduct of said plaintiffs. The amount of damages recovered, if any, shall therefore be diminished in the proportion to which said culpable conduct, attributable to plaintiffs, bears to the culpable conduct which caused said injuries.

## AS AND FOR A SECOND SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-NINTH: Upon information and belief, the injuries and damages alleged were caused by the culpable conduct of some third person or persons for whose conduct the defendant is not responsible.

## AS AND FOR A THIRD SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TENTH: If it is determined that the plaintiffs assumed the risk, this answering defendants plead said facts in diminution of damages in the proportion which the culpable conduct attributable to the plaintiffs bears to the culpable conduct which caused the damages.

## AS AND FOR A FOURTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-ELEVENTH: If the injuries and damages were sustained by the plaintiffs at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of third parties, and if any damages are recoverable against the defendants, the amount of such damages shall be diminished in the proportion to which the culpable conduct attributable to third-parties bears to the culpable conduct which caused the damages pursuant to CPLR §1601.

## AS AND FOR A FIFTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWELFTH: That the complaint herein or a part thereof fails to state a cause of action upon which relief may be granted against the answering defendants.

## AS AND FOR A SIXTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-THIRTEENTH: The answering defendants did not take part in or direct any of the acts complained of which resulted in plaintiffs' alleged injuries.

## AS AND FOR A SEVENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-FOURTEENTH: That the plaintiffs failed to satisfy certain conditions precedent before filing this action against the answering defendants.

## AS AND FOR AN EIGHTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-FIFTEENTH: Plaintiffs' damages were caused and brought about by an

intervening and superseding cause and were not caused by the defendant, or by a person or entity for whom the defendants are responsible.

### AS AND FOR A NINTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-SIXTEENTH: The defendants' liability, if any, to the plaintiffs is limited under Article 16 of the Civil Law & Rules of the State of New York.

### AS AND FOR A TENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-SEVENTEEN: The claims asserted in the complaint are barred by the applicable statute of limitations.

### AS AND FOR AN ELEVENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-EIGHTEENTH: Upon information and belief, plaintiffs' economic loss, if any, as specified in §4545 of the CPLR, was or will be replaced or indemnified, in whole or in part, from collateral sources, and the answering defendant is entitled to have the Court consider the same in determining such special damages as provided in §4545 of CPLR.

### AS AND FOR A TWELFTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-NINETEENTH: Plaintiff has failed to exhaust administrative remedies

### AS AND FOR A THIRTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTIETH: That the individual defendants enjoy qualified immunity

with respect to those acts that are performed pursuant to their duties and responsibilities as employees of the North Rockland Central School District.

## AS AND FOR A FOURTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-FIRST:  That the answering defendants cannot be liable for punitive damages.

## AS AND FOR A FIFTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-SECOND: Plaintiffs' claim for punitive damages violates, and is therefore barred by the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States on grounds including the following:

(a)    It is a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedure pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing, which infringes the Due Process and Equal Protection Clauses of the Fourteenth Amendment of the United States Constitution;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against defendants, which thereby violates the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby violates the Due Process Clause of the United States Constitution;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts, and thus violates the Equal Protection Clause of the Fourteenth Amendment of the Unites States Constitution;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution;

(g)    The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of law; and

(h)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

## AS AND FOR A SIXTEENTH SEPARATE
## AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-FOURTH: Plaintiffs' claim for punitive damages violates, and is therefore barred by the following provisions of the Constitution of the State of New York, N.Y. Const. Art. I, §5, N.Y. Const. art. I, §6, N.Y. Const. Art. I, §6 and N.Y. Const. Art. I, §12, on grounds including the following:

(a)    It is a violation of the Due Process and Equal Protection Clauses to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiffs' satisfying

a burden of proof which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases;

(b)    The procedures pursuant to which punitive damages are awarded may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing;

(c)    The procedures pursuant to which punitive damages are awarded fail to provide a limit on the amount of the award against the defendant;

(d)    The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of award of punitive damages;

(e)    The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts;

(f)    The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct;

(g)    The procedures pursuant to which punitive damages are awarded permit the imposition of excessive fines;

(h)    The award of punitive damages to the plaintiff in this action would constitute a deprivation of property without due process of the law; and

(i)    The procedures pursuant to which punitive damages are awarded permit the imposition of an excessive fine and penalty.

### AS AND FOR A SEVENTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-FIFTH:  The plaintiffs have failed a mitigate their damages.
if any, which they may have sustained as a result of matters alleged in the Complaint.

### AS AND FOR AN EIGHTEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-SIXTH: There is no official policy or custom of the defendants
to support a cause of action against the defendants.

### AS AND FOR A NINETEENTH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-SEVENTH:  Defendants acted on the advice of counsel.

### AS AND FOR A TWENTIETH SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-EIGHTH:  Punitive damages are not available against the
District.

### AS AND FOR A TWENTY-FIRST SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-TWENTY-NINTH: The defendants did not act with deliberate
indifference towards the plaintiffs and, thus, cannot be liable under Title IX.

### AS AND FOR A TWENTY-SECOND SEPARATE
### AND COMPLETE AFFIRMATIVE DEFENSE

ONE HUNDRED-THIRTIETH:  Any damages to which Plaintiffs might be entitled are
the result of the alleged conduct of others, for whom Defendants, NORTH ROCKLAND CENTRAL

SCHOOL DISTRICT, NORTH ROCKLAND CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DODGE R. WATKINS, in his individual and official capacity as former Superintendent of North Rockland Central School District, BRIAN MONAHAN, in his individual and official capacity as SUPERINTENDENT of North Rockland Central School District, DAGOBERTO ARTILES, in his individual and official capacity as Assistant Principal of the North Rockland High School are not liable.

## DEMAND FOR A JURY TRIAL

ONE HUNDRED-THIRTY-FIRST:  Defendants, demand a trial by jury as to any and all issues raised in the Complaint and this answer which are triable before a jury.

WHEREFORE, defendants  NORTH ROCKLAND CENTRAL SCHOOL DISTRICT, NORTH ROCKLAND CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DODGE R. WATKINS, BRIAN MONAHAN, DAGOBERTO ARTILES demands judgment dismissing the Complaint herein, together with costs and disbursements incurred in this action.

Dated: New York, New York
      November 12, 2007

Respectfully submitted,

**RUTHERFORD & CHRISTIE, LLP**

By: _____
     Lewis R. Silverman (LS 9723)
     Attorneys for Defendants,
     NORTH ROCKLAND CENTRAL SCHOOL
     DISTRICT, NORTH ROCKLAND CENTRAL
     SCHOOL DISTRICT BOARD OF EDUCATION,
     DODGE R. WATKINS, BRIAN MONAHAN,
     DAGOBERTO ARTILES
     300 East 42nd Street, 18th Floor
     New York, New York 10017
     (212) 599-5799

TO:    FEERICK LYNCH MacCARTNEY, PLLC
        Attorneys for Plaintiff
        96 South Broadway
        South Nyack, New York 10960
        (845) 353-2000
        Attention:    Stephen P. Barry, Esq.
                    Mary E. Brady

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on November 12, 2007, a copy of the within **Answer With Jury Demand, Notice to Take Deposition upon Oral Examination** via Regular Mail to: FEERICK LYNCH MacCARTNEY, PLLC, 96 South Broadway, South Nyack, New York 10960, Attention: Stephen P. Barry, Esq.

RUTHERFORD & CHRISTIE, LLP

By: _____

Lewis R. Silverman (LS 9723)